Mathews, J.
delivered the opinion of the Court- The appellees brought their action in the Parish and City Court of New-Qrleans to recover a certain lot of ground, with its buildings and appurtenances mentioned in their petition, in.the possession of the appellant, by virtue of a sale and de *562 livery from Misotiere, who failed and took the benefit of the Insolvent Laws, three days after the execution of an act of sale of the property, made before a Notary Public, and about six months after one: said to have been executed under private signature. They contend that these acts of sale are void, as having been made without legal consideration and with á view to defraud the just creditors of Misotiere, whom they represent. According to the rules of law, providing for the sale Of immoveable property and slaves, no act under private signature is good against third persons, unless recorded as therein required. Had the appellant rested his title on the private sale alone, it would have become necessary to examine how far creditors of an insolvent debtor are to be considered as third persons, in relation to the principles of law which govern contracts for real property. But he seems to have abandoned any pretention of right under the private act, by having subsequently accepted the title given him by the notarial instrument; and by this alone his rights must be decided. It is clothed with all the formalities required by law, and is certainly good and valid unless it can be shewn to be null and void, on account of fraud in the transaction. The decision of this case will turn very much on the principles laid down in the case of Brown vs. Kenner & al. ante 270.
East. District.
May 1815.
*563 ■ The only distinction between them is that in J t ' > the latter, a privilege claimed by Brown on a mortgage, made a short time previous to Thillips’s l ' - ,. . ' bankruptcy was opposed, by the syndics of his creditors, whereas in the suit now under discussion, the appellees claim restitution of property sold and delivered on account of fraud in the sale, and injury to the rightful creditors of the insolvent, Misotiere. In the course of the argument it was contended by the counsel for the appellant, that the verdict of the j ury, is special and finds facts, in favour of the appellant, which ought to conclude this Court. We are of opinion that it must be viewed asa general verdict, finding both the law and the facts and that the correctness of the judgment rendered by the Court below is here to be tested by the rules of law.
In the case of Brown vs. Kenner & al. ante 270, after full argument of counsel and much deliberation of the Court, it was decided that a debtor, about to fail and who is unable to pay-all his debts, cannot under süch circumstances legally do any act, which in its effects will alter' the situation of his creditors as it respects the privilege of the claims on his estate. The situation of the, parties now before us, requires us to determine whether or not a debtor who is unable to pay all his just debts, can, at the very time he is about to fail and take the benefit of the laws made, for insolvents, in any way dispose of his property to the injury, and *564 in fraud of his creditors. In examining this subject the insolvent ttiust be considered as a bankrupt, at the time he executed the sale - of the lot to his brother the appellant: for according to law respect;Bg failures, as laid down in the Curia Philipica, “ those persons, who are unable to pay all their debts entirely,” are bankrupts.— Now, it is evident that Misotiere was not able to pay his debts at the time, when he made the transfer of the property in dispute, because three days after he surrendered all his property for the benefit* of his creditors. Considered then as a bankrupt, fraud is to be presumed in all his acts, whereby he undertakes to divest himself of his property and put it out of the reach of his creditors, even in the payment of a just debt, to their prejudice, (same authority Cha. 9, Fallidos) unless it is made in the usual course of business. If it is right to presume fraud in the sale from Misotiere to his brother (and under all the circumstances attending it, we are of opinion that this must be presumed) it then becomes the duty of the appellant to rebut this presumption by shewing it to be a fair and bona fide transaction, as having paid for it a just and full price; this has not been done, the only consideration, proven in support of the sale, is a debt due from the bankrupt to him, which the law will not allow to be thus paid to the injury of other creditors. The act of sale is an instrument -executed “ en tiempo inahil” as having been done *565 At the very period of Misotiere’s bankruptcy.
It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs,